UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN SOPHISTICATION LTD., | Case No. 2:22-cv-00093-DJC-JDP |
| Plaintiff, | |
| v. | ORDER |
| JORDI VAN ELST, *et al.*, | |
| Defendants. | |

Plaintiff Urban Sophistication Ltd. commenced this action against defendant Ajmall Gulham, alleging claims for violation of the Lanham Act. ECF No. 1. Plaintiff subsequently amended its complaint, adding claims against Jordi van Elst. ECF No. 9. Defendant van Elst has not appeared, and on July 29, 2022, the Clerk of Court entered his default. Plaintiff has filed a motion for default judgment against van Elst, which was before the court for hearing in December 2022. ECF No. 40. At the hearing, I directed plaintiff to submit supplemental briefing addressing the adequacy of service and the effect of its second amended complaint on its motion for default judgment.[1] That brief has been submitted, but it fails to alleviate the concerns raised at the hearing. I therefore deny plaintiff's motion without prejudice.

---

[1] Plaintiff's second amended complaint was filed concurrently with its motion for default judgment. ECF Nos. 40 & 41.

1

**Service of Process**

Defendant van Elst is an individual residing in Leusden, Netherlands. ECF No. 41 at 4. On July 13, 2022, plaintiff filed a proof of service indicating that service was completed in accordance with Federal Rule of Civil Procedure 4(f)(2)(C)(ii). ECF No. 23. Under Rule 4(f), and individual may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

Fed. R. Civ. P. 4(f).

The Hague Convention, to which the Netherlands is a party, allows for service by mail unless prohibited by the foreign state; the Netherlands does not prohibit service by mail. *See Brockmeyer v. May*, 383 F.3d 798, 808-809 (9th Cir. 2004); *Netherlands—Central Authority & practical information*, https://www.hcch.net/en/states/authorities/details3/?aid=37 (last visited September 14, 2023). Plaintiff's proof of service indicates that, on March 25, 2022, the Clerk of Court mailed service documents to Jordi van Elst at Boterkamp 20, Leuden, UT NL 3831. ECF No. 23-1. Plaintiff thus appears to have complied with Rule 4(f)(2)(C)(ii)'s procedural requirements. However, plaintiff has not satisfied Rule 4(l)(2)(B), which requires service on a foreign individual to be proven "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2)(B). Plaintiff's proof of services shows that the documents mailed by the Clerk were accepted by an individual identified as "M. Meijer," not defendant van Elst. Plaintiff's

filing provides no information about "M. Meijer" or anything suggesting that that individual delivered the summons and complaint to van Elst. Consequently, plaintiff has not proven that service was completed in accordance 4(f)(2)(C)(ii).

### Second Amended Complaint

In addition to failing to establish service, plaintiff's motion for default judgment has been rendered moot. The motion seeks default judgment on the claims asserted in the first amended complaint. ECF No. 40-1. Plaintiff, however, was granted leave to file a second amended complaint, and did so. ECF Nos. 40 & 41.

Plaintiff's filing of a second amended complaint renders its first amended complaint irrelevant. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any function[.]"). "Consequently, default judgment on the Amended Complaint would be improper because no default has been entered on the Amended Complaint." *ThermoLife Intern., LLC v. Sechel Holdings, Inc.*, No. CV 14-2291 PHX JAT, 2015 WL 1521779, at *2 (D. Ariz. Apr. 3, 2015); *Ogunsalu v. Nair*, 264 F. App'x 672, 674 (9th Cir. 2008) (unpublished) (noting that motions directed at superseded pleadings are to be denied as moot).

Relying on *Int'l. Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977), plaintiff argues that the first amended complaint remains operative because the second amended complaint has not been served on van Elst or any of the new defendants. ECF No. 44 at 5-3. But plaintiff's reliance on *Vesco* is misplaced. In *Vesco*, the district court entered default judgment against a defendant on the original complaint after an amended complaint had been filed, but not served, on the defaulting defendant. The Second Circuit held that—notwithstanding the general rule that an amended complaint supersedes the original—"at least where, as here, the amended complaint is required to be served under Rule 5(a)," the amended complaint is not operative until served. *Id*. at 669. Unlike the instant case, the amended complaint in *Vesco* included additional claims against the defaulting party, thereby requiring service of the amended complaint pursuant to Rule

3

5(a).  Plaintiff's second amended complaint does not allege new claims against van Elst.  And, because it was filed after van Elst's default was entered, service under Rule 5(a) was not required. *See* Fed. R. Civ. 5(a)(2) ("No service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").  Consequently, *Vesco*'s narrow holding does not apply here.  *See Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, *7 (E.D.N.Y. Mar. 5, 2014) ("The logical extension of *Vesco* is that an amended pleading excused from service on a defaulting defendant by FRCP 5(a)(2) becomes the operative document on filing, not on service.").[2]

Accordingly, it is hereby ORDERED that plaintiff's motion for default judgment, ECF No. 40, be denied without prejudice.

IT IS SO ORDERED.

Dated:    September 15, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's motion may also be premature, given that the second amended complaint asserts claims against new, unserved defendants.  Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Generally, the granting of default judgment as to some claims or defendants is disfavored "in the interest of sound judicial administration." *Curtiss-Wright Corp. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risk of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.").